IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RALPH HARRISON BENNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-092 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; STATE OF GEORGIA; | ) | |
| DESHAWN JONES; BENJAMIN FORD; | ) | |
| KENNETH ELLIS; and | ) | |
| JENNIFER AMMONS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    Background**

Plaintiff names the following Defendants: (1) Georgia Department of Corrections ("GDC"); (2) State of Georgia; (3) Deshawn Jones, ASMP Warden; (4) Benjamin Ford, Field Operations Director, GDC; (5) Kenneth Ellis, Director Chaplaincy, GDC; and (6) Jennifer Ammons, GDC General Counsel. (See doc. no. 1, pp. 1, 4-5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In the mid-1990s, Plaintiff was issued a set of tefillin and given permission to have the religious items at Georgia State Prison. (Id. at 6.) He possessed the items until October, 2019. (Id.) Plaintiff does not explain what happened to the tefillin in 2019, but the Aleph Institute sent a replacement set of tefillin to Plaintiff at ASMP on March 14, 2025. (Id.) However, the ASMP Chaplain told Plaintiff he would not be allowed to possess the tefillin because Defendants Jones, Ford, Ellis, and Ammons had determined the religious items were a security risk. (Id.) Two other inmates at ASMP are allowed to possess tefillin. (Id. at 7, 8.)

Plaintiff admits he did not present his issues in an administrative grievance, but he states, "Religious accommodations are addressed soley [sic] in GDC, SOP 106.11. Grievances are addressed in GDC, SOP 227.02." (Id. at 3.) Plaintiff maintains that because he addressed his issue through all five levels identified in SOP 106.11, he has exhausted his available administrative remedies regarding religious issues. (Id.)

Plaintiff seeks to enjoin Defendants from refusing to allow him to possess tefillin, as well as a declaration the refusal violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. (Id. at 6, 8-9.) Plaintiff also seeks a declaration his rights to equal protection under the law have been violated because two other similarly situated inmates are allowed to possess tefillin. (Id. at 7, 9.) Plaintiff seeks nominal monetary damages, and he requests the Court exercise its pendant jurisdiction to hear his claims raised under the Georgia constitution. (Id. at 9.)

## II.   Discussion

### A.   Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous

2

if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." <u>Wilkerson v. H & S, Inc.</u>, 366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" <u>Twombly</u>, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See <u>Bilal v. Geo Care, LLC</u>, 981 F.3d 903, 911 (11th Cir. 2020); <u>Snow v. DirecTV, Inc.</u>, 450 F.3d 1314, 1320 (11th Cir. 2006).

3

B.     **Plaintiff Fails to State an Equal Protection Claim**

"To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001); see also Elston v. Talladega Cnty. Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir. 1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation); Damiano v. Fla. Parole and Prob. Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986) (explaining equal protection claim requires showing of characteristics of similarly situated individuals and "invidious discrimination . . . based on race, religion, national origin, poverty or some other constitutionally protected interest").

Plaintiff does not meet these criteria. He provides no details about the two "similarly situated" inmates at ASMP who are allowed to possess tefillin or the circumstances under which they were granted permission for the religious object he has been denied permission to have. Nor does Plaintiff offer any information regarding a discriminatory motive based on any constitutionally protected interest for denying him possession of the tefillin, stating only the tefillin were deemed a "security risk." Accordingly, Plaintiff fails to state a viable equal protection claim.

C.     **Plaintiff Fails to State a Claim under the Georgia Constitution**

Plaintiff may not bring a claim for a violation of his rights under the Georgia constitution because "Georgia does not have an equivalent to 42 U.S.C. § 1983, which provides a cause of action for damages against state officers in their individual capacities for certain unconstitutional acts." Hoke v. Lyte, Civ. Act. No. 6:16-cv-45, 2019 WL 4440128, at *5 (S.D.

4

Ga. Aug. 14, 2019) (citing <u>Draper v. Reynolds</u>, 629 S.E.2d 476, 478 & n.2 (Ga. Ct. App. 2006) and <u>Dixon v. Ga. Dep't of Pub. Safety</u>, 135 F. Supp.3d 1362, 1371-72 (S.D. Ga. 2015)), *adopted by* 2019 WL 4420586 (S.D. Ga. Sept. 16, 2019); <u>see also</u> <u>Harris v. Hixon</u>, CV 120-147, 2022 WL 2820110, at *10 (S.D. Ga. July 19, 2022) (Hall, J.) (explaining Georgia has no equivalent to 42 U.S.C § 1983 and granting summary judgment in favor of defendant on plaintiff's Georgia constitutional claim). Therefore, to the extent Plaintiff attempts to raise separate claims under the Georgia constitution, he fails to state a claim upon which relief can be granted, and those state constitutional claims should be dismissed.

### III. Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's equal protection claims, as well as any claims raised under the Georgia constitution, be **DISMISSED** for failure to state a claim upon which relief can be granted. By separate Order, the Court directs service of process for Plaintiff's RLUIPA and First Amendment Free Exercise claims.

SO REPORTED and RECOMMENDED this 24th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA