IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RALPH HARRISON BENNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-092 |
| | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS; STATE OF GEORGIA; | ) | |
| DESHAWN JONES; BENJAMIN FORD; | ) | |
| KENNETH ELLIS; and | ) | |
| JENNIFER AMMONS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff, incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      **Screening the Complaint**

Plaintiff names the following Defendants: (1) Georgia Department of Corrections ("GDC"); (2) State of Georgia; (3) Deshawn Jones, ASMP Warden; (4) Benjamin Ford, Field Operations Director, GDC; (5) Kenneth Ellis, Director Chaplaincy, GDC; and (6) Jennifer Ammons, GDC General Counsel. (See doc. no. 1, pp. 1, 4-5.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In the mid-1990s, Plaintiff was issued a set of tefillin and given permission to have the religious items at Georgia State Prison. (Id. at 6.) He possessed the items until October, 2019. (Id.) Plaintiff does not explain what happened to the tefillin in 2019, but the Aleph Institute sent a replacement set of tefillin to Plaintiff at ASMP on March 14, 2025. (Id.) However, the ASMP Chaplain told Plaintiff he would not be allowed to possess the tefillin because Defendants Jones, Ford, Ellis, and Ammons had determined the religious items were a security risk. (Id.) Two other inmates at ASMP are allowed to possess tefillin. (Id. at 7, 8.)

Plaintiff admits he did not present his issues in an administrative grievance, but he states, "Religious accommodations are addressed soley [sic] in GDC, SOP 106.11. Grievances are addressed in GDC, SOP 227.02." (Id. at 3.) Plaintiff maintains that because he addressed his issue through all five levels identified in SOP 106.11, he has exhausted his available administrative remedies regarding religious issues. (Id.)

Plaintiff seeks to enjoin Defendants from refusing to allow him to possess tefillin, as well as a declaration the refusal violates the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. (Id. at 6, 8-9.) Plaintiff also seeks a declaration his rights to equal protection under the law have been violated because two other similarly situated inmates are allowed to possess tefillin. (Id. at 7, 9.) Plaintiff seeks nominal monetary damages, and he requests the Court exercise its pendant jurisdiction to hear his claims raised under the Georgia constitution. (Id. at 9.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has arguably stated a viable RLUIPA claim against Defendants in their official capacity. See Smith v. Allen, 502 F.3d 1255, 1275-76 (11th Cir. 2007) (explaining no private right of action for money damages against officials sued in individual capacity and listing elements of RLUIPA claim)

2

*abrogated on other grounds,* <u>Sossamon v. Texas</u>, 563 U.S. 277 (2011) and *overruled on other grounds*, <u>Hoever v. Marks</u>, 933 F.3d 1353 (11th Cir. 2021);  <u>see also</u> <u>Gholston v. Powell</u>, Case No. 5:17-cv-479, 2019 WL 4305507, at *3 (M.D. Ga. Sept. 11, 2019) (allowing case to proceed against defendants connected to religious accommodations policy and approval process required by policy and explaining when injunctive or declaratory relief sought as part of official capacity RLUIPA claim, real party in interest is state itself).  Plaintiff has also arguably stated a viable First Amendment Free Exercise claim.  <u>See</u> <u>Robbins v. Robertson</u>, 782 F. App'x 794, 801-02 (11th Cir. 2019) (citations omitted);  <u>see also</u> <u>Davis v. Baldwin State Prison</u>, No. 5:20-cv-378, 2021 WL 1614325, at *4 (M.D. Ga. Apr. 26, 2021) ("While Defendants may have penological interests that would justify their restrictions on Plaintiff's ability to practice his religion, at this stage of the litigation the bases for those interests are not clear." (citations omitted)), *adopted by* <u>Davis</u>, doc. no. 20 (M.D. Ga. July 6, 2021).    In a companion Report and Recommendation, the Court recommends dismissal of Plaintiff's equal protection claims, as well as any claims raised under the Georgia constitution.

## II.    Instructions

**IT IS HEREBY ORDERED** service of process shall be effected on Defendants Georgia Department of Corrections, State of Georgia, Jones, Ford, Ellis, and Ammons.  The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendants waive formal service of the summons.  Fed. R. Civ. P. 4(d).  Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver.  Fed. R. Civ. P.  4(d)(3).  However, service must

be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendants to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendants, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or defense counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a

5

motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 24th day of July, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6